WARREN WILLMAN, TRUSTEE, APPELLANT, v. RUDOLPH PETERSON ET AL., APPELLEES.

FILED DECEMBER 26, 1919. No. 20826.

Bankruptcy: FRAUDULENT CONVEYANCE: EVIDENCE. Evidence examined, and *held* to show no fraudulent conveyance of the real estate.

APPEAL from the district court for Phelps county: WILLIAM C. DORSEY, JUDGE. *Affirmed.*

F. L. Carrico and Dravo & Dilworth, for appellant.

A. J. Shafer and H. M. Sinclair, contra.

ALDRICH, J.

This is an action in equity growing out of alleged fraudulent alienation of real estate.

The plaintiff, as trustee in bankruptcy of Rudolph Peterson, brought this action against the bankrupt and his wife, Anna Peterson, to force one certain eighty acres of land in Phelps county into assets, so the same could be applied in payment of a debt owing to the Exchange Bank of Wilcox.

The defendants occupied this eighty acres in controversy from some time in 1907 until 1913 as a homestead. The defendant husband, desiring to borrow money in 1912, found it necessary to procure a loan on the homestead. For several months the wife steadily refused to join him in a mortgage. Finally, however, in October, 1912, it was orally agreed that she would sign, and she did sign the mortgage, provided he would deed the eighty acres to her, part consideration therefor being an indebtedness of him to her of $1,599. The defendant husband agreed to and did so in February, 1915.

The deed shows that the land was then valued by the defendants at $5,000, which seems to be a reasonable and fair valuation, although another witness, an interested party, the same as the defendant, testified in an off-hand way that he believed the land was worth $80 or $90 an acre in 1917. It appears that the original purchase price in 1907 was $5,000, and it does not appear that the land in that county had greatly increased in value from the time of purchase to the time of making the oral agreement in 1912. It also appears from the record that there were valid existing incumbrances of $3,529, in addition to indebtedness owing to his wife of $1,599, making $5,128 in all. Thus it appears from the record that the defendant husband has no property interest in and to the land. The wife gave a full and valuable consideration for these premises at the time the oral contract was entered into. Her ownership and interest in this land should not be disturbed. Counsel for plaintiff has made careful and painstaking investigation of the matter involved, and he has submitted a valuable brief. We do not doubt that it states the law, but the difficulty in applying his principles is that the defendant husband for sufficient consideration had, in a *bona fide* transfer, disposed of all his interest in and to these premises.

In view of these propositions, other errors assigned do not need further consideration.

AFFIRMED.

Letton and Sedgwick, JJ., not sitting.